UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIAN CAMPIONE,

                Plaintiff,

       -against-

FRANK CAMPIONE,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
12-CV-6028 (ADS)(ETB)

**APPEARANCES:**

**Elliot Louis Pell, Esq.**
*Attorney for the Plaintiff*
30 Columbia Turnpike
PO Box 405
Florham Park, NJ 07932

**Haber & Haber**
*Attorneys for the Defendant*
1325 Franklin Avenue
Garden City, NY 11530
    By: Stephen David Haber, Esq., Of Counsel

**SPATT, District Judge**.

The Plaintiff Marian Campione brought the instant action against the Defendant Frank Campione, her brother, claiming that he improperly refused to give up his joint tenancy in certain stock that was transferred to the parties in 1973 by another non-party sibling. Presently before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b), filed by the Defendant, asserting that the Plaintiff's causes of action for unjust enrichment and reformation are untimely and her cause of action for a declaratory judgment cannot be maintained. For the reasons set forth below, the Defendant's motion is granted in part and denied in part.

1

## I. BACKGROUND

The following facts are drawn from the Plaintiff's Complaint and construed in a light most favorable to the Plaintiff.

The Plaintiff Marian Campione and the Defendant Frank Campione are siblings. Non-party Anne Campione is the parties' sister. Anne Campione was employed as the Comptroller of Sysco Corporation ("Sysco") in the 1960s and early 1970s. As part of her compensation, Anne Campione received stock in Sysco. In March 1973, Anne Campione entered a convent to begin a religious vocation as a nun. She is now known as Sister Pia Marie. Consequently, she gave away all of her worldly possessions at that time, including her Sysco stock. She transferred this stock to two of her siblings—the Plaintiff and the Defendant—as joint tenants.

According to the Complaint, at the time the Sysco stock was transferred, Anne Campione told the Plaintiff that although she intended the value of the stock to belong solely to the Plaintiff, she wanted to place the Defendant's name on the stock's account. Anne Campione allegedly explained the motivation underlying this decision to the Plaintiff, stating that because the Defendant's business was in close proximity to the Plaintiff's home and because the Plaintiff was a single woman, he could assist her in the event she needed to sell some of the Sysco stock. The Complaint states that a sale of the Sysco stock was a likely possibility in the future because the Plaintiff was caring for the youngest Campione sibling, who had Down's syndrome. Therefore, although Anne Campione did not intend to give the Defendant any interest in the stock, she transferred it to both parties as joint tenants.

Nevertheless, the Plaintiff alleges that all of the statements and paperwork for the Sysco stock have been sent to her, and that she has paid all federal, state, and local taxes relating to the stock since the transfer. In this regard, she states that the Defendant has never paid any federal,

state or local tax related to the Sysco stock. Currently, the stock is being held by Sysco with a value of $1,486,559.40 in the name of "MARIAN CAMPIONE & FRANK J. CAMPIONE JT TEN."

In or about September 2012, the Plaintiff and Sister Pia Maria allegedly requested that the Defendant remove his name from the Sysco account. The Complaint does not explain why they made this demand so many years after the transfer was initially made. However, the Defendant refused to execute the necessary paperwork to do so, although he has admitted that he is not the owner of any portion of the Sysco stock.

Therefore, the Plaintiff now claims that in 1973, Anne Campione had the donative intent to make an irrevocable transfer to the Plaintiff of the Sysco stock. In this regard, she claims that Anne Campione caused to be physically delivered to her documents that indicated that the Plaintiff owned the relevant stock and that Anne Campione had divested herself of all dominion and control over the stock. Further, the Complaint alleges that Anne Campione did not have, and has never had, the donative intent to make an irrevocable transfer to the Defendant of any portion of the Sysco stock. The Plaintiff has included the text of a letter from Anne Campione—now Sister Pia Marie—which corresponds with the factual allegations in the Complaint.

The Plaintiff is currently ninety-four years of age and, according to the Complaint, in failing health. She argues that as a proximate result of the willful failure of the Defendant to execute a document removing his name from the Sysco account, she has suffered damages. Thus, the Plaintiff has brought three claims for relief in the Complaint, including: (1) a cause of action for a declaratory judgment that she is the sole owner of the Sysco stock; (2) a cause of action for reformation of the documents pertaining to the stock to indicate that the Plaintiff is the sole owner; and (3) a cause of action for unjust enrichment. The Plaintiff essentially seeks the

3

entry of a declaratory judgment, a mandatory injunction compelling the Defendant to execute the necessary documents; and a judgment entitling the Plaintiff to a reformation of the Sysco stock documents.

## II. DISCUSSION

### A. Legal Standard

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 570 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. at 72 (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists

Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007).  Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6)".  Hertz Corp. v. City of N.Y., 1 F.3d 121, 125 (2d Cir. 1993).  The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

**B.  As to Whether the Plaintiff's Claims are Untimely**

The first argument made by the Defendant in his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is that all three claims for relief are untimely because they are barred by the applicable statute of limitations.  He asserts that the statute of limitations of the forum state, New York, should be applied in this diversity case.  As New York's statute of limitations is six years as set forth in N.Y. CPLR §213, he argues that any claims based upon the transfer of stock more than 39 years ago are untimely because the claims accrued when the gift was made to the parties as joint tenants.

In response, the Plaintiff maintains that while her causes of action for unjust enrichment and reformation are governed by a six year statute of limitations as the Defendant contends, those claims did not accrue until October 3, 2012, when the Defendant refused to remove his name from the Sysco account.  She argues that the causes of action did not accrue until then because until that time, the Defendant had not repudiated his obligation to Sister Pia Marie.

The Defendant points out in his reply that if there is any obligation to Sister Pia Marie, such an obligation is irrelevant here because Sister Pia Marie is not a party to this lawsuit. Further, the Defendant dismisses the only two legal authorities cited in support of the Plaintiff's

5

opposition, emphasizing that neither of these two cases addresses claims for reformation or unjust enrichment.

As an initial matter, neither party disputes that the statute of limitations governing the Plaintiff's claims is six years. Thus, the only issue presented to the Court is when the claims for declaratory judgment, unjust enrichment, and reformation accrued. According to the Plaintiff, the claims accrued when the Defendant refused to remove his name from the joint tenancy of the Sysco stock on October 3, 2012. According to the Defendant, the claims accrued when the Sysco stock was initially transferred to the parties as joint tenants in 1973.

With regard to the Plaintiff's claim for a declaratory judgment, as the Court finds that such a cause of action cannot be asserted, the Court need not assess whether such a claim would be timely.

**1. As to the Claim for Unjust Enrichment**

With regard to the Plaintiff's claim for unjust enrichment, "'[t]he theory of unjust enrichment lies as a quasi-contract claim' and contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties.'" Georgia Malone & Co., Inc. v. Rieder, 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333, 336, 973 N.E.2d 743, 746 (2012) (quoting IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 142, 879 N.Y.S.2d 355, 907 N.E.2d 268 (2009)). An unjust enrichment claim is rooted in "the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Miller v. Schloss, 218 N.Y. 400, 407, 113 N.E. 337 (1916). Thus, in order to adequately plead such a claim, the plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is

sought to be recovered." Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011) (brackets and internal quotation marks omitted).

Presumably, the Plaintiff is attempting to assert that while her brother's name was not wrongfully placed on the account when it was created—as he was intended to be listed on the account as a joint tenant for the purpose of assisting the Plaintiff with withdrawals or other administrative tasks relating to the Sysco stock—he is being wrongfully enriched at the Plaintiff's expense by refusing to remove his name from the account now and holding on as a joint tenant to property that is not rightfully his. In further support of this theory is the allegation that the Defendant would be unjustly enriched in being able to maintain his joint tenancy when the Plaintiff has paid all the applicable taxes and fees.

"'Under New York law, an unjust enrichment claim accrues upon occurrence of the wrongful act giving rise to the duty of restitution.'" Golden Pacific Bancorp v. F.D.I.C., 273 F.3d 509, 519 (2d Cir. 2001) (quoting Plitman v. Leibowitz, 990 F. Supp. 336, 337 (S.D.N.Y. 1998)). Put another way, "a claim for unjust enrichment accrues only when the enrichment actually becomes unlawful." T.E.A.M. Ent't, Inc. v. Douglas, 361 F. Supp. 2d 362, 370 (S.D.N.Y. 2005); see Congregation Yetev Lev D'Satmar v. 26 Adar N.B. Corp., 192 A.D.2d 501, 503, 596 N.Y.S.2d 435 (N.Y. App. Div. 1993).

At its core, the Plaintiff's unjust enrichment claim is based not on the initial transfer of stock to the Defendant as part of a joint tenancy, but rather on the Defendant's retention of the Sysco stock when it was demanded that he remove his name from the account. Accordingly, while the Defendant originally received that stock in 1973, that retention did not become wrongful until October 2012. The Defendant was not unjustly enriched when he was originally listed as a joint tenant on the Sysco account as that was what all the involved individuals

7

intended. Instead, the wrongful act giving rise to the claim here occurred when he refused to sign over his tenancy when requested to do so pursuant to his understanding with Sister Pia Marie. See Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 264 (S.D.N.Y. 2008). Therefore, contrary to the Defendant's assertions, the Court finds that the Plaintiff's unjust enrichment claim is timely.

### 2. As to the Claim for Reformation

With regard to reformation, the Court understands that the Plaintiff is not seeking a reformation in the typical sense. Generally speaking, an equitable cause of action for reformation involves changes to an already existing written contract in order to correct a previous mistake. See Fresh Del Monte Produce N.V. v. Eastbrook Caribe A.V.V., 44 A.D.3d 551, 553, 845 N.Y.S.2d 7 (1st Dep't 2007) ("a claim for reformation must be based on either mutual mistake or fraudulently induced unilateral mistake"). Here, it does not appear that the Plaintiff is asserting that the Defendant was mistakenly put onto the Sysco stock documents in the first instance. Instead, as part of her claim for relief, it seems that the Plaintiff is seeking that the Sysco stock documents be reformed to reflect that she is the sole owner.

Nevertheless, even if the Plaintiff could state a cause of action seeking reformation of the relevant instrument, the law in New York is clear that the "plaintiff's right to rescission or reformation, if any, accrued at the time of the execution of the agreement rather than at the time of its breach and it appears from the complaint that the agreement was executed" in 1973. Saull v. Seplowe, 32 Misc. 2d 303, 223 N.Y.S.2d 324 (N.Y. Sup. 1961). Thus, assuming that the Plaintiff is maintaining that the Sysco account documents were mistakenly drafted when the transaction was initially accomplished, such a claim would be untimely. Certainly, an agreement

8

that was executed in 1973 and accrued at that time would not fall within the relevant statute of limitations.

Therefore, the Defendant's motion to dismiss this claim is granted and the Plaintiff's cause of action for reformation is dismissed.

## C.  As to Whether the Plaintiff's Declaratory Judgment Claim Should be Dismissed

The remaining argument made by the Defendant in his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is that the Plaintiff's claim for a declaratory judgment should be dismissed because it is duplicative of the Plaintiff's substantive claims for reformation and unjust enrichment.  Further, the Defendant argues that a declaratory judgment is sought as a remedy in the Plaintiff's demand for relief and thus cannot also be an independent cause of action.  The Plaintiff failed to address this argument in her opposition.

The Court agrees with the Defendant that" [t]he third cause of action, for declaratory judgment, cannot be maintained because it parallels the other claims and merely seeks a declaration of the same rights and obligations."  Sullo v. Margab Realty, LLC, 20 Misc.3d 1117(A), 867 N.Y.S.2d 20 (Table) (N.Y. Sup. 2008); see Apple Records, Inc. v. Capitol Records, Inc., 137 A.D.2d 50, 529 N.Y.S.2d 279 (1st Dep't 1988); see also Spitzer v. Schussel, 48 A.D.3d 233, 850 N.Y.S.2d 431 (1st Dep't 2008).  The declaration that the Plaintiff seeks is that she is entitled to the entirety of the Sysco stock, and this relief can be accomplished through her other claim.  If the Plaintiff succeeds on her unjust enrichment claim, this would necessarily entail a finding by this Court that she is truly the sole owner of the stock so that the Defendant is being unjustly enriched by his unrelenting joint tenancy.  See Sofi Classic S.A. de C.V. Hurowitz, 444. F. Supp. 2d 231, 249 (S.D.N.Y. 2006) ("Plaintiffs' declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation

of the other causes of action. Therefore, the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action.").

Therefore, the Defendant's motion to dismiss the declaratory judgment cause of action is granted.

### III.  CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Defendant's motion to dismiss the Plaintiff's reformation cause of action and declaratory judgment cause of action is granted; and it is further

**ORDERED**, that the Defendant's motion to dismiss the Plaintiff's unjust enrichment cause of action is denied.

**SO ORDERED.**
Dated: Central Islip, New York
April 20, 2013

                                                ___*/s/ Arthur D. Spatt*_____
                                                  ARTHUR D. SPATT
                                         United States District Judge